### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN J. LOWRY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-0413-HE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

Plaintiff Carolyn J. Lowry filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell, who recommends that the Commissioner's decision be affirmed.

This is the second time this case is before this court. The case was previously remanded for further administrative proceedings. *See* Lowry v. Commissioner, No. CIV-07-812-HE, 2008 WL 820020 (W.D. Okla. Mar. 27, 2008). Those proceedings occurred, resulting in the decision now at issue.

The issue presently before the court is whether the Administrative Law Judge ("ALJ") erred in determining that plaintiff was not disabled prior to September 13, 2007. Plaintiff's social security disability insurance benefits expired on December 31, 2005, so to obtain those benefits she must prove that she was disabled prior to the 2007 date. Potter v. Secretary of

Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir. 1990) (per curiam).

Plaintiff reasserts most of the arguments she presented to the magistrate judge. She claims that the magistrate judge's report did not adequately consider her arguments that 1) the ALJ erred in the credibility analysis, 2) the ALJ did not perform a proper RFC, and 3) the ALJ failed to evaluate the medical evidence properly. Plaintiff's Objection [Doc. #16, pg. 1].

In reviewing the ALJ's decision, the court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency. Instead, [it] review[s] the ALJ's decision only to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal citation and quotations omitted). Applying that standard, the court concludes the ALJ's decision should be affirmed.

Plaintiff first contends that the ALJ erred in finding that her statements were only partially credible. Specifically, she argues that the ALJ discounted her testimony regarding pain in her lower back, feet, elbows, hands, and calves. Citing Luna v. Bowen, 834 F.2d 161, 164 (10th Cir. 1987), plaintiff argues that allegations of pain require the ALJ to consider all relevant evidence.

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005) (quotation omitted). An ALJ's credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995)

(quotation omitted). "So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of Kepler are satisfied." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).

The court agrees with the magistrate judge that the ALJ considered the relevant evidence, and the vast majority of it was inconsistent with plaintiff's statements. There is no medical evidence in the record of disabling pain in plaintiff's hands or elbows. Only one physician considered plaintiff's complaints of back and neck pain to be disabling health impairments, but the ALJ reasoned that these symptoms could not be verified in the available medical record. Plaintiff's back, neck, and leg pain were said to respond well to conservative treatments. TR 421-22. Pain in plaintiff's feet was addressed in a 2000 operation, and there is no documentation of pain in her feet after 2003. TR 421. Additionally, physical examinations consistently showed plaintiff to "demonstrate good mobility, strength, and sensory and neurological functions in her lumbar spinal region and lower extremities." TR 421. The court agrees with the magistrate judge that there was sufficient evidence contrary to plaintiff's statements to warrant the ALJ giving those statements little weight.

Next, plaintiff contends that the ALJ did not perform a proper Residual Functional Capacity ("RFC") analysis. She asserts that because in step two of the sequential evaluation process the ALJ found the plaintiff had severe impairments due to "complaints of neck and upper extremity pain," the ALJ should have considered limitations "such as grasping, fingering, feeling, and gripping" in the RFC assessment. Plaintiff's Brief [Doc. #13, pg. 9]. Again, there is no evidence in the medical record to suggest impairment of these functions. However, as the magistrate judge noted, all "medical records after September 2007 showed

that plaintiff regularly denied neck and upper extremity pain and repeated physical examination did not yield findings indicative [of] any such symptoms." Report and Recommendation [Doc. #15, pg. 11] (quotations omitted). The court agrees with the magistrate judge that there was substantial evidence to support the ALJ's RFC analysis.

Finally, plaintiff argues that the ALJ failed to evaluate the medical evidence properly. Specifically, she contends that the ALJ did not give the proper weight to the treating physician's opinion. She argues that Dr. Alexander Frank's opinion should have been given controlling weight, or, if not given controlling weight, it should not have been completely rejected.

In determining what weight to give to a treating physician's opinion, "[a]n ALJ must first consider whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'" Watkins v. Barnhart, 350 F.3d 1297 (10th Cir. 2003) (quoting SSR 96–2p, 1996 WL 374188, at *2). "If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record." *Id.* If a treating physician's opinion is not well-supported, then it is not given controlling weight, but it is still given some deference based on factors listed in 20 C.F.R. § 404.1527 and 416.927. *Id.*

Here, the ALJ determined that Dr. Frank's opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques. TR 421. But, contrary to plaintiff's argument, the opinion was not completely rejected. Instead, the ALJ gave Dr. Frank's opinion "little weight" because his "medical source statement was not consistent with either his own treatment notes or with other medical evidence on the record." [Doc. #15,

pg. 15]. "This, along with the ALJ's citation to contrary, well-supported medical evidence, satisfies the requirement that the ALJ's decision be 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300). The court agrees with the magistrate judge that the ALJ "provided reasons supported by substantial evidence in the record for giving 'little weight' to Dr. Frank's medical opinion." [Doc. #15, pg. 15]

Accordingly, the Report and Recommendation is **ADOPTED** and the Commissioner's decision denying plaintiff's claim for benefits is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 9th day of October, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE